IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TAMMY PITTMAN OBO, ) | |
| T.R.H., A MINOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:13-cv-856-TFM |
| ) | [wo] |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

On November 22, 2013, Plaintiff filed a *pro se* complaint with this Court seeking Social Security Benefits. On January 8, 2012, the Court Ordered the Commissioner to answer the Complaint within ninety days after service and for the Plaintiff to file a brief in support forty days after the filing of the answer. (Doc. 3). On April 7, 2014, the Commissioner filed a motion to dismiss. (Doc. 11). The Court issued a show cause order making Plaintiff's response due on April 21, 2014. (Doc. 12). The Plaintiff failed, however, to file her response to the motion to dismiss as directed by this Court's Order. Pursuant to 28 U.S.C. § 636 (c), the parties have consented to entry of final judgment by the United States Magistrate Judge. (Docs. 9 and 10). Judicial review proceeds pursuant to 42 U.S.C. § 405(g), and 28 U.S.C. § 636(c).

On July 18, 2013, the Appeals Council notified Plaintiff of its denial of Plaintiff's request for review of the administrative law judge's ("ALJ") decision denying her application for supplemental security income under Title XVI of the Social Security Act.

*See* Declaration of Patrick J. Herbst, Chief of Court Case Preparation and Review Branch 3, Office of Disability Adjudication and Review, Social Security Administration, dated February 14, 2014. (Doc. 11; Declaration, Ex. 1). The July 18, 2013 notice also advised Plaintiff of her right to commence a civil action within sixty (60) days from the date of receipt. This action by the Appeals Council rendered the ALJ's decision the "final decision" of the Commissioner of Social Security, *see* 20 C.F.R. §§ 404.981, 416.1481, 422.210(a) (2011), giving rise to judicial review within 60 days of receipt of notice of the action pursuant to section 205(g) of the Act, 42 U.S.C. § 405(g).

Based on this date, Plaintiff must have commenced her civil action on or before September 23, 2013 to be considered timely. However, Plaintiff's complaint was not filed until November 22, 2013. (Doc. 1). In addition, there is no record that Plaintiff filed a request for extension of time to file a civil action as specified in the Appeals Council notice. (Doc. 11; Declaration, Ex 1).

It is well settled that "[t]he United States, as sovereign, 'is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Lehman v. Nakshian,* 453 U.S. 156, 160 (1981) (quoting *United States v. Testan,* 424 U.S. 392, 399 (1976) and *United States v. Sherwood,* 312 U.S. 584, 586-87 (1941)). Congress may prescribe the procedures and conditions under which, and the courts in which, judicial review of administrative orders may be obtained. *See Tacoma v. Taxpayers of Tacoma,* 357 U.S. 320, 336 (1958). Judicial review of final decisions on Title II and Title XVI claims is provided for and limited by 42 U.S.C. § 405 (g) and (h) as follows: an individual "may obtain a review of

such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner [] may allow.[] No findings of fact or decision of the Commissioner []shall be reviewed by any person, tribunal, or governmental agency except as herein provided."

The complaint fails to state a claim upon which relief can be granted because it was not filed within 60 days after the presumptive receipt of notice by Plaintiff of the Commissioner's final decision or within further time allowed by the Commissioner through the Appeals Council.  *See* 20 C.F.C. §416.1515(b)("A notice or request sent to your representative, will have the same force and effect as if it had been sent to you."). The Declaration of Patrick J. Herbst affirmatively establishes that this civil action is untimely because it contains the date the notice of the Commissioner's final decision was mailed to Plaintiff.  (Doc. 11; Declaration, Ex 1).

The United States Supreme Court has held that the 60-day period set out in §405 (g) is a period of limitation which in a rare case can be tolled by the Commissioner or the courts.  *See Bowen v. City of New York,* 476 U.S. 467, 480 (1986).   The Eleventh Circuit has likewise held that equitable tolling of the statute of limitations should only be applied in extraordinary circumstances, such as fraud, misinformation, or deliberate circumstances.  *See Jackson v. Astrue,* 506 F. 3d 1349, 1355 (11th Cir. 2007).  Here the Declaration establishes that Plaintiff did not file for judicial review within 60 days as required by 42 U.S.C. § 405 (g).   Also, there is no evidence of any extraordinary circumstances which would justify extending the 60-day period in this case. (Doc. 11; Declaration, Ex 1).

Furthermore, under Rule 41 of the Federal Rules of Civil Procedure, a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court."  Fed. R. Civ. P. 41(b).  As the Supreme Court recognized in *Link v. Wabash R. Co.*, "[t]he power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  370 U.S. 626, 629-630, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962).  Nonetheless, the "severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." *Malautea v. Suzuki Motor Co., Ltd.,* 987 F.2d 1536, 1542 (11th Cir.1993) (citing *Navarro v. Cohan,* 856 F.2d 141, 142 (11th Cir.1988)).

Mindful of the judicial caution which should attend the dismissal of *pro se* actions, dismissal of this action is appropriate as Plaintiff has been provided more than a reasonable opportunity to prosecute this action.  Indeed, the Court issued a show cause order on April 7, 2014 as to whether the Defendant's motion to dismiss was due to be granted (Doc. 12) and Plaintiff has failed to respond.  Thus, Plaintiff has failed to demonstrate any facts which might justify application of the strict equitable tolling standard in this instance.  Furthermore, Plaintiff has failed to prosecute this case as required by Fed. R. Civ. P. 41(b).  Accordingly, it is

ORDERED that this case be and hereby is DISMISSED with prejudice.

DONE this 6th day of May, 2014.

                                            /s/ Terry F. Moorer
                                            TERRY F. MOORER
                                            UNITED STATES MAGISTRATE JUDGE